UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT LEE TAYLOR,

        Plaintiff,

v.

RANDEE REWERTS et al.,

        Defendants.

_____/

Case No. 1:23-cv-296

Honorable Ray Kent

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is presently incarcerated at the Marquette Branch Prison in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues the following DRF officials: Warden Randee Rewerts; Resident Unit Managers Unknown Beecher and Unknown Blair; Lieutenant Unknown Silliaman; and Correctional Officers Unknown White, J. Dill, and E. Barton. (Compl., ECF No. 1, PageID.2–3.) Plaintiff sues Defendants Beecher and Blair in their official and individual capacities. (*Id.*) Plaintiff sues Defendants Rewerts, Silliaman, White, Dill, and Barton in their official capacity only. (*Id.*)

A "pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the United States Court of Appeals for the Sixth Circuit recently noted, "[e]ach allegation must be simple, concise, and direct." *Kensu v. Corizon Inc.*, 5 F.4th 646, 649 (6th Cir. 2021). With the exception of Defendant Blair, Plaintiff's complaint, as pleaded, states no specific factual

allegations against Defendants and, therefore, is insufficient to state a claim against them. Plaintiff provides no facts suggesting how Defendants were actively involved in the alleged violations of his constitutional rights. The Court will, however, grant Plaintiff leave to file an amended complaint to correct this deficiency if he is able.

Moreover, as noted above, Plaintiff indicates that he is suing Defendants Rewerts, Silliaman, White, Dill, and Barton in their official capacities only. A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the Michigan Department of Corrections. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). An official-capacity defendant is absolutely immune from monetary damages. *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592–93 (6th Cir. 1989). Plaintiff is advised, therefore, that if he raises claims for monetary damages against Defendants in their official capacities in his amended complaint, such claims will be subject to dismissal on the basis of immunity.

The Court directs the Clerk to send Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended complaint by filing his amended complaint on the requisite form within twenty-eight (28) days from the date of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff must allege, in chronological order, what each Defendant did or did not do on each date.

The case number shown above must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated:   May 18, 2023 /s/ Ray Kent
Ray Kent
United States Magistrate Judge