UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 16, 2023 12:57 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: /s/

Robert Lee Taylor #799443

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

v.

Hearing Investigator Unknown Smith, et al.,

Case No. 1:23-cv-296

Hon. Kent

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**AMENDED COMPLAINT**
*(Print Clearly)*

**I.  Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

A.  Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐   No ☒

B.  If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.  Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.
    N/A

2.  Is the action still pending?   Yes ☐   No ☐
    a.  If your answer was no, state precisely how the action was resolved: _____

3.  Did you appeal the decision?   Yes ☐   No ☐
4.  Is the appeal still pending?   Yes ☐   No ☐
    a.  If not pending, what was the decision on appeal? _____

5.  Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☐
    a.  If so, explain: _____

## II. Parties

### A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff **Robert Lee Taylor**

Place of Present Confinement **Marquette Branch Prison**

Address **1960 US 41 South, Marquette, MI 49855**

Place of Confinement During Events Described in Complaint **Carson City Correctional Facility**

### B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 **Hearing Investigator Unknown Smith**
Position or Title **Hearing Investigator**
Place of Employment **Carson City Correctional Facility**
Address
Official and/or personal capacity? **Both official & personal capacity**

Name of Defendant #2 **Unknown Lieutenant Burns**
Position or Title **Lieutenant of Custody**
Place of Employment **Carson City Correctional Facility**
Address
Official and/or personal capacity? **Personal & Official capacity**

Name of Defendant #3 **Corrections Officer (C/O) Unknown Keck**
Position or Title **C/O**
Place of Employment **Carson City Correctional Facility**
Address
Official and/or personal capacity? **Personal & Official Capacity**

Name of Defendant #4 **C/O Unknown Morales**
Position or Title **C/O**
Place of Employment **Carson City Correctional Facility**
Address
Official and/or personal capacity? **Personal & Official Capacity**

Name of Defendant #5 **Resident Unit Manager Unknown Blair**
Position or Title **Resident Unit Manager**
Place of Employment **Carson City Correctional Facility**
Address
Official and/or personal capacity? **Personal & Official Capacity**

II. Parties- page 3.1
　　Defendant #6: C/O Unknown Olmstead
Position: C/O
Place of Employment: Carson City Corr. Fac.
Address:
Capacity: Personal & Official Capacity
　　Defendant #7: C/O Unknown Button
Position: C/O
Place of Employment: Carson City Corr. Fac.
Address:
Capacity: Personal & Official Capacity
　　Defendant #8: C/O Unknown White
Position: C/O
Place of Employment: Carson City Corr. Fac.
Address:
Capacity: Personal & Official Capacity
　　Defendant #9: C/O Unknown Dill
Position: C/O
Place of Employment: Carson City Corr. Fac.
Address:
Capacity: Personal & Official Capacity

### III. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

1.) At all times relevant to the instant complaint, Plaintiff was incarcerated at the Carson City Correctional Facility (DRF).

2.) On December 7, 2020, while attending the small yard for the general population (G.P.) housing unit 500, Plaintiff was assaulted by inmates Schiefel #495212, and Torres #447509.

3.) These two prisoners snuck up behind Plaintiff and began punching him with a closed fist.

4.) Several Yo's intervened to stop the assault.

5.) Plaintiff was taken to segregation where shortly thereafter he was interviewed by Defendant Hearing Investigator Smith (DHI Smith).

6.) During that interview, Plaintiff explained that he had no idea what had happened. DHI Smith recounted that two prisoners snuck up behind Plaintiff and hit him with closed fist. She explained that the appeared to be trying to stab him as well.

7.) Plaintiff explained that he could not go back to GP as a 2 man assault meant gang involvement which meant Plaintiff would definately be attacked again.

8.) DHI Smith knew of the risk of harm and failed to take any action to prevent it.

9.) Plaintiff was forced to return to his GP housing unit 500 and was placed on non-bond top lock around 2:00 AM in the morning.

- 4 -

(W.D. Mich. Form – Last Revised: September 2021)

III. Statement of Claim - Page 4.1

10.) Both of Petitioner's assailants were also returned to housing unit 500.

11.) The morning of December 8, 2020, Plaintiff was in the housing unit dayroom when, at 9:40 A.M., prisoner Adam #502560, came into the day room with a group of guys.

12.) Plaintiff attempted to walk past this group, and exit the room. Unfortunately, and inmate Adams attacked before Plaintiff could reach safety.

13.) After the assault, Plaintiff was rushed to the E.R. due to head and face trauma. He was treated for a broken jaw and returned to the facility.

14.) Plaintiff explained to the 4o's who escorted him to the hospital, then dental, and then back to segregation that Plaintiff would be assaulted if he were returned to GP.

15.) Upon Plaintiff's return to the facility, Defendant Lt. Burns informed him that he was going to be placed in GP unit 1200.

16.) Plaintiff refused after explaining that he would be assaulted again in GP and was put into a holding cell without the basic

Page 4.1

III. Statement of Claim - Page 4.2
necessities of human life; the holding cell without running water, a toilet, or a bunk.

17.) On December 10, 2020, Plaintiff was informed that he would have the option of returning to a single cell in G.P. 500 unit or receive a misconduct for disobeying a direct order.

18.) On 12/11/20, Defendant C/o Unknown Keck came to Plaintiff's cell front and told him that him that he was being moved to G.P. in 1200 Unit.

19.) Plaintiff explained to him that were he returned to the G.P. he would be assaulted again, and told him that he feared for his life. D C/o Keck acknowledged that he was aware of the situation but would not be taking any action. He said, "I know, do what you gotta do."

20.) D C/o Keck showed deliberate indifference to imminent assault and failed to take the actions deleniated in M.D.O.C. Policy.

21.) D C/o Morales escorted Plaintiff from 500 to 1200. On the walk between the units Petitioner saw prisoner Adams on the yard.

Page 4.2

III. Statement of Claim - Page 4.3
Plaintiff explained to D C/o Morales that he was going to be assaulted. D C/o Morales explained that he knew about Plaintiff's situation but would not be taking any action. D C/o Morales said, "you'll be alright."

22.) Upon entry into 1200 unit Plaintiff was directed to cell 11 which was the furthest from the officers' station.

23.) As soon as the yard opened Plaintiff attempted to go outside and was immediately attacked by prisoner King #659817, and Wafer #323986. A third prisoner attempted to join in, Palmateer #687327, but was physically impeded by C/o Olson.

24.) Subsequent to this assault, Plaintiff was finally placed in protective custody.

25.) On Febuary 26, 2021, Plaintiff got into it with a G.P. prisoner and was taken to segregation which resulted in his removal from protective custody. This occurred in spite of there being no evidence that Plaintiff's issues with gang members in GP had in any way been resolved.

26.) Plaintiff was ordered to enter a

Page 4.3

III. Statement of Claim - Page 4.4

cell with a prisoner who had just assaulted his last cellmate.

27.) On March 11, 2021, Plaintiff's cellmate, prisoner Jeffreys, attacked. Plaintiff and Jeffreys were both taken to segregation.

28.) Again, before the night was over Plaintiff was forced to go back to his cell in G.P.

29.) On March 12, 2021, Plaintiff tested positive for COVID-19 and was quarantined in the segregation unit.

30.) On March 24, 2021, Plaintiff wrote a prea grievance on RUM Blair for making sexual comments. Plaintiff turned the grievance in to 4/0 Olmstead and had two prisoner witness, Moyers #502809, and Campisi #370752.

31.) In retaliation for the protected conduct of filing a prea grievance, (a document that never made it to the grievance coordinator), Defendant RUM Blair ordered that Plaintiff be sent back to G.P.

32.) Plaintiff was ordered to cell 18 which already had prisoner Schiefel #495212. As this prisoner had already assaulted Plaintiff, before entering the cell Plaintiff put his property down

Page 4.4

Case 1:23-cv-00296-PLM-RSK    ECF No. 7, PageID.34    Filed 06/16/23    Page 9 of 13

III. Statement of Claim- Page 4.5
and walked to the officers station.

33.) Plaintiff explained, to D C/o Burton and D C/o White, that if he is forced to enter that cell with his asscillant he would be assaulted again.

34.) These defendants refused to take reasonable steps to prevent Plaintiff being assaulted and ordered Plaintiff to lock down with his assailant.

35.) Shortly after entering the cell Plaintiff hit the emergency call button. D C/o's Burton, White, and Dill all came running up to cell 18.

36.) Plaintiff explained that he could not lock in the cell, and that an altercation with his assailant was imminent. The defendants ordered Plaintiff back into the cell.

37.) A few minutes after these defendants refused to take reasonable action to avoid Plaintiff being assaulted Schiefel attacked.

38.) Defendant Barton, making a round, saw Plaintiff was being assaulted. He then opened the door and tazzed both Plaintiff and his assailant.

39.) Both Plaintiff and Schiefel were taken to segregation and received fighting tickets.

Page 4.5

III. Statement of Claim - Page 4.6

40.) MDOC staff again tried to send Plaintiff back to G.P.

41.) Plaintiff, again, explained that he would be assaulted if he returned to G.P.

42.) Plaintiff was again ordered to return to G.P.

43.) Plaintiff refused and was written up for disobeying a direct order.

44.) Since these assaults Plaintiff has experienced nightmares, social anxiety, and paranoia as a direct result of these defendants actions.

Page 4.6

IV. **Relief**

State briefly and precisely what you want the court to do for you.

Plaintiff request declaratory relief that the defendants violated Plaintiff's 1st, and 8th Amendment rights, compensatory damages in the amount of $25,000 per defendant, punitive damages in the amount of $200,000 per defendant, $1,500,000 for emotional injury and pain and suffering, and other relief this Court deems equitable.

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☐ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☒ I request that this case be assigned to a district judge.

I, under penalty of perjury, swear the foregoing is both true and correct.

6/13/23
**Date**

Robert Taylor
**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.



ct Court

Bldg.

an St, NW

pids MI 49503

Robert L. Taylor #799443
Marquette Branch Prison
1960 US 41 South
Marquette, MI 49855.

Clerk
U.S. District
399 Federal
110 Michig
Grand Ra